Black v. The Sixth Avenue Railroad Company.

GEORGE W. BLACK *v.* THE SIXTH AVENUE R. R. COMPANY.

Where the proportionable amount of the tax on gross receipts of a railroad company, imposed by the U. S. Internal Revenue Law, which is allowed by the statute to be added to and collected with the fare of each passenger, is a fractional part of one cent,—*Held*, that the company is limited to such fractional amount, and there being no coin in which it can be paid, the loss must fall on the company, and not on the passengers.

APPEAL from the judgment of the Sixth District Court.

The plaintiff brought an action against the defendants, a city Railroad Company, incorporated under a license from the Mayor, Aldermen, and Commonalty of New York, ratified by an Act of the legislature, for the carrying of passengers, and by that license or grant were restricted to a fare of five cents for each passenger. The Company having increased their fare to six cents, the plaintiff sued for fourteen cents, the sum of the excesses of fare on fourteen trips, and for fifty dollars, the penalty under the provisions of the General Railroad Act, for an overcharge.

The District Court gave judgment for the defendants on these facts, and the plaintiff appealed.

*George A. Black*, for appellant.
. *John H. Platt* and *John Slosson*, for respondent.

By the Court.—Daly, F. J.—The question whether the defendants are liable to the penalty imposed by the Act of 1857, has been considered and disposed of in *Hoyt* v. *The same defendants*, decided at the present term.

There is in this case another question—whether the defendants have a right to increase their fare to six cents. It does not appear that the defendants derive their right to run a railroad through the city from the General Railroad Act, under which they are organized, or from any direct grant of the Legislature to that effect, so as to bring them within the decision of the Court of Appeals in *The People* v. *Kerr* (25 How. R., 258). They appear to have acquired it by a grant from the Corporation of the city of New York, afterwards ratified by an act of the Legislature (Laws of 1854, p. 323), and they exercise it, consequently, subject to the conditions which the Corporation imposed. One of these conditions was, that the rate of passage for any distance on the road should not exceed five cents, and they cannot lawfully charge more, unless authorized to do so by some paramount authority. This authority is assumed to have been conferred by the United States Internal Revenue Act, which imposes a tax of two and a half per cent upon the gross receipts of all railroad companies, and declares that they shall have the right to add it to their rates of fare. (Laws of the U. S., 1864, p. 256). But the difficulty in the defendants' case is, that the rate of fare to which they are limited

by the condition imposed by the City Corporation, is so small that it is not possible to add to and collect with it the proportionable amount of the tax, which is about one-eighth of a cent; and to add one cent to the fare of each passenger would be adding and collecting eight times as much as the amount of the tax, for which there is certainly no authority in the Act. All that can be said of the Act is, that it allows the tax to be added to and collected with the fare if it is possible to do so, and that, in this particular case, it is not, as the proportionable amount of the tax is but the fractional part of a cent. It is a maxim of the law that, when anything is granted, all the means to attain it, and the fruits and effects of it, are granted also (Sheppard's Touchstone, 89). But it would be carrying this maxim too far to hold that because a party is entitled to collect a tax out of the fare of passengers, he may resort to a means by which he collects eight times as much. The defendants may be enabled possibly to devise some other mode by which the two and a half per cent. may be obtained, or if they cannot, they must lose it, for the reason that this particular provision in the statute is not operative in their case.

The plaintiff has so framed his complaint as to entitle him to recover fourteen cents independent of the statute, for excessive fare charged upon different occasions, and judgment should have been in his favor for that amount.

CARDOZO, J., dissented.

Judgment reversed.